CORNELIUS C. CUYLER ET AL., APPELLEES, V. BENJAMIN S. LILLY ET AL., IMPLEADED WITH C. V. GILCHRIST, APPELLANT.

FILED JULY 10, 1902.　No. 12,118.

Confirmation of Judicial Sale: OBJECTIONS. Objections to confirmation of sale of real estate made under a decree in foreclosure proceedings examined, and *held* that the order confirming the sale is without error.

APPEAL from the district court for Custer county. Heard below before SULLIVAN, J. *Affirmed.*

*Willis L. Hand,* for appellant.

*James Ledwich, contra.*

HOLCOMB, J.

From a final order of confirmation of sale of real estate, made in pursuance of a decree in foreclosure proceedings, one of the defendants, the owner of the fee title to the real estate involved, appeals. The decree provided that in case the defendants found liable should fail to pay the amount adjudged to be due, within a specified time, "said premises be sold by the sheriff of said county according to law and that the proceeds thereof be applied to the payment of the amounts therein found due." After the time had

elapsed for the payment of the sum mentioned in the decree the clerk issued a formal order of sale, in which was copied the decree, which was addressed to the sheriff, and commanded him "to carry into effect the foregoing decree according to its terms" and to appraise, advertise and sell said premises, etc. The sheriff's return showing what was done under the order of sale disclosed that. according to the command thereof, he did certain things. It is now insisted, and was urged in the trial court as a reason why confirmation should not be had, that the issuance of the order of sale by the clerk was without authority, and that as the sheriff acted under the order of sale and not under the decree, he therefore had no authority to make the sale.

The order of sale was but a means of calling the attention of the sheriff to the decree, and that the time for its execution had arrived, but really added nothing to the authority granted by the decree itself. A formal order of sale, issued by the clerk of the court in actions of the character now under consideration, has long been recognized in the practice as a proper method to be resorted to for the purpose of calling into action the powers of the sheriff in the execution of the decree of the court, and must now, we think, be held proper practice for the purpose mentioned. The formal order of sale issued by the clerk did nothing more than to call the sheriff's attention to the decree of the court, and direct him to carry into execution its provisions. Whether this be regarded as mandatory, directory, as a suggestion, or mere surplusage, it did not militate against the authority of the sheriff to sell the property and apply the proceeds to the payment of the debt found due, according to the terms of the decree. The point that the decree was not certified to in the order of sale is not well taken. Authority was derived from the original decree, and not from a copy thereof, however it might be authenticated. The decree was. self-executing, and no formal order was required in order to give efficacy to it. *Bristol Savings Bank v. Field,* 57 Nebr., 670. In such a case the sheriff is the mere agent of the court, which is the

vendor. The decree directs the sale of the property and application of the proceeds to the payment of the debt, and is a sufficient warrant of authority to the sheriff. *Parrat v. Neligh,* 7 Nebr., 456; *Kuhn v. Kilmer,* 16 Nebr., 699, 702; *Jarrett v. Hoover,* 54 Nebr., 65, 67; *Baldwin v. Burt,* 54 Nebr., 287, 290. Objection is also made to the return of the sheriff, it being claimed that it is ambiguous. An examination of the return leads us to a contrary conclusion. It is shown by the return that in the execution of the decree, the deputy sheriff, with two qualified appraisers called for that purpose, made an appraisement of the property for the purpose of sale, filing the proper and necessary certificate to that effect, and the property was thereupon duly advertised for sale. On the day and at the time the sale was advertised to take place, the sheriff exposed the property for sale, sold the same, and made his return to the court, showing all the proceedings had in the execution of the decree in pursuance of the order of sale. We find from an examination of the record no sufficient reason why the sale made by the sheriff should have been vacated and set aside, on the objections interposed by appellant to confirmation, and that the order entered confirming the sale which is appealed from is without error.

AFFIRMED.